## MATLOCK, MILLER & DYCUS v. M. E. SMITH.

### No. 1037.   Decided February 9, 1903.

1.—Mandamus—Controlling Judicial Decision.

Though mandamus may lie to compel a judicial officer to take action upon a case it can not issue to require him to render judgment in a particular way, however erroneous his rulings to the contrary may be.   (P. 213.)

2.—Same.

Mandamus will not issue to require a district judge to dismiss a suit for appointment of a receiver of a corporation on tender by stockholders of the amount of the debt claimed in the suit for appointment of such receiver.   (Pp. 213, 214.)

Motion for leave to file original application for writ of mandamus against the district judge of Tarrant County.

*A. M. Carter,* for petitioner.—As stockholders in the San Jacinto Oil Company, Matlock, Miller and Dycus had the right to pay for the company the debt of the plaintiff in said cause, the cost of said suit, and have same dismissed.   Cook on Stockh., sec. 11; Black on Judg., sec. 583; Thomp. on Corp., sec. 3392 et seq.

A stockholder in a corporation is an interested party in suits against it which will disqualify him as a judge or juror.   The stockholders in a corporation have such interests in it as will authorize them to pay off its debts in order to relieve its property from seizure and sale.   A stockholder in a corporation is bound by all judgments which may be rendered against the corporation, and this arises from the fact that a corporation is composed of its stockholders.

A payment of a debt claimed in a suit wherein a receiver has been appointed operates as a discharge of liability and an extinguishment of

such debt and to discharge the receiver. The question of discharging the receiver under such circumstances is not within the discretion of the courts before which the case is pending, but the right to have such discharge is absolute. Railway Co. v. Soutter, 2 Wall., 510.

On the tender in open court of the amount sued for, the interest thereon and the costs of suit, the subject matter of the controversy in said suit ceased to exist and the case was at an end. La Coste v. Duffy, 49 Texas, 767; Gordon v. State, 47 Texas, 208; Robinson v. State, 87 Texas, 565; McWhorter v. Northcut, 94 Texas, 86.

A receiver can not be appointed or continued unless there is some right asserted showing the necessity for such receivership. Espuela Land and Cattle Co. v. Bindle, 5 Texas Civ. App., 18.

Whenever a district judge refuses to enter an order which he has no discretion to refuse, he may be compelled to enter it by mandamus. Terrell v. Greene, 88 Texas, 539.

A cause of action does not exist when the demand claimed by the plaintiff is paid. The court loses jurisdiction when all controversy ceases over the subject matter, and there is no discretion in the court to hold the parties or property seized for the benefit of others who might wish to intervene at a later day or for the purpose of increasing the receiver's compensation or the cost thereof.

If upon payment of the plaintiff's demand the defendant is entitled as a matter of absolute right to a dismissal of the suit and the consequent discharge of the receiver, then this right may be enforced by mandamus if the party asserting it has no right of appeal, as was clearly decided by this court in Terrell v. Greene, 88 Texas, 539.

It is true that in the case now before the court the respondent only refused to make the order of dismissal at the time it was demanded, but that refusal operated as effectively to destroy the rights of the intervenor as if it had been refused altogether, because after declining to enter said order of dismissal the respondent permitted divers other parties to intervene, and if these interventions are valid then the plaintiff herein could not, after they were made, demand as a right that the cause be dismissed and the receiver discharged.

If the plaintiff in the case of the Texas Cotton Products Co. v. San Jacinto Oil Co. had voluntarily taken a nonsuit the respondent could not contend that any discretion was vested in him to refuse to enter the judgment of nonsuit, and it could not be contended after such nonsuit that there was any cause pending wherein interventions might be had.

Now if, as was decided by the Supreme Court of the United States in Railroad v. Soutter, there was an absolute right to demand a dismissal of said cause upon payment of the debt sued for by plaintiff, then we can not see how plaintiff herein could be deprived of this right by the refusal of the court to act upon the motion until other parties had intervened.

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for a mandamus against the district judge of the Seventeenth Judicial District of the State.

The following is a brief statement of the facts alleged in the petition: The relators are bona fide holders of 1043 shares of the capital stock of the San Jacinto Oil Company, a corporation organized under the laws of this State and having its principal office in Dallas County. On the 14th day of January, 1902, the Texas Cotton Products Company, also a corporation, brought suit against the San Jacinto Company in the District Court of the Seventeenth Judicial District, sitting at Fort Worth, in Tarrant County, for the recovery of an alleged indebtedness of $700 and prayed the appointment of a receiver of the property of the defendant company. Thereupon the respondent as judge of the court set down the application for the appointment of a receiver for a hearing on the 16th day of January, 1903. On the day last named the plaintiff in the suit filed an amended petition, and the defendant corporation, through its attorneys, voluntarily appeared and filed an answer, but failed to plead its privilege of being sued in the county of Dallas. On the same day the application for a receiver was granted and receiver appointed.

On the 24th day of the same month, the relators, as stockholders in the defendant corporation, by leave of the court, intervened in the suit and tendered to the attorney for the plaintiff the sum of $800 for the purpose of paying off the debt and costs of the suit. The attorney, although admitting that the sum was sufficient, declined to accept the tender, and the interveners paid the sum into the court, and having pleaded the fact, prayed that the cause be dismissed and the receiver discharged. The court declined at the time to rule upon the motion, and meanwhile other creditors and stockholders intervened in the suit and prayed that the receivership be continued. Thereafter on the 28th day of the same month the relators presented to this court their original petition for a mandamus to compel the respondent to dismiss the cause, accompanied with a motion to file the same. On the 5th day of February relators presented a supplemental petition, alleging that on January 29th the respondent had formally overruled their motion, and prayed as in the original petition.

We are clearly of the opinion that the writ prayed for should not be awarded. A similar question came before us in the case of Aycock v. Clark, 94 Texas, 375; and we there held, that where a district judge had entered a judgment upon a verdict, a writ of mandamus would not lie to compel him to enter a different judgment, although that already rendered might be erroneous. One of the grounds of that ruling was, that the act which was sought to be compelled by the writ was judicial in its nature. But in support of this motion it is insisted that the judge had no discretion as to the dismissal of the suit, and that the act he was requested to perform was ministerial in its character. We do not concur in that view of the matter. In order to decide whether the case ought to

be dismissed, the respondent had to determine as a matter of law whether a stockholder in a corporation which has been sued for a debt may intervene and tender the amount and costs and demand a dismissal of the cause. That is pre-eminently a judicial question. It is essentially the function of a judge to determine questions of law, and a decision upon such questions is a judicial act. It is not so with a ministerial officer. He is not empowered to decide as to the law; he is presumed to know it, and if he makes a mistake as to such question, he may be compelled to act in accordance with the law as it may be determined by the court in the particular case. But even as to an executive officer, if it be his duty to determine a question of fact, the courts will not control his decision by a writ of mandamus. So if a judge errs, however palpably erroneous his decision may be, a mandamus is not the remedy for the correction of his error.

The case of The King v. The Justices of Middlesex (4 Barn. & A., 298), was a rule nisi requiring the defendants to show cause why a mandamus should not issue commanding them to make an order on the parish of Christ Church for the relief of a bastard child. In determining that the rule should be discharged the court say: "It is the ordinary practice of the court to grant this writ to compel magistrates to hear and determine a case in which they have a jurisdiction to hear, but have refused altogether to exercise it; but there is not an instance which can be cited where the court have granted a mandamus to justices to compel them to come to any particular decision, which would be the case if we were, upon the present occasion, to order them to make an order of maintenance upon the parish of Christ Church."

For the reasons given the motion is overruled.

*Motion overruled.*