Per Curiam.

The judgment should be reversed and the indictment dismissed. The nearly two-year delay from February 25, 1957, the day on which defendant was sentenced on the earlier charges, to January 13, 1959, the day on which he appeared in court for arraignment for trial on the present indictment, at which time he moved to dismiss for failure to prosecute, is prima facie unreasonable. The People have failed to establish good cause for the delay (Code Grim. Pro., § 668), and defendant, in no manner, waived his right to a speedy trial. His failure to demand final disposition of the charges under section 669-a of the Code of Criminal Procedure was not a relinquishment of his right to move for dismissal under section 668 (People v. Segura, 6 N Y 2d 936). Accordingly, the indictment should have been dismissed (People v. Piscitello, 7 N Y 2d 387).
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment reversed, etc.