**Donald Wayne LAWRENCE, Relator,**

v.

**The STATE of Texas et al., Respondents.**

**No. A–11760.**

Supreme Court of Texas.

March 8, 1967.

Sam Houston Clinton, Jr., Austin, for relator.

John R. DeWitt, Asst. Dist. Atty., Jefferson County, Beaumont, for respondents.

## ORIGINAL MANDAMUS PROCEEDING

PER CURIAM.

This is an original proceeding in this court in which relator seeks a writ of mandamus to compel

"HONORABLE GEORGE D. TAYLOR, Judge, and the Criminal District Court of Jefferson County, Texas, to proceed to trial in Cause No. 25023 and requiring all Respondents to secure the presence of Relator at such trial by issuing a proper writ of habeas corpus ad prosequendum and causing the same to be served on the appropriate United States Marshal and the Warden of the Federal Correctional Institution at Texarkana, Texas, and by issuing such other and further orders as may be necessary to cause THE STATE OF TEXAS and Jefferson County to make necessary arrangements for payment of expenses required by the United States Marshal in the premises; or, in the alternative, directing appropriate Respondents to dismiss the indictment in Cause No. 25023. * * *"

Relator is confined in the Federal Correctional Institution at Texarkana by virtue of a sentence imposed by a United States District Court in California. He contends that the failure and refusal of respondents, Honorable George D. Taylor, Criminal District Judge of Jefferson County, Honorable W. C. Lindsey, Criminal District Attorney of Jefferson County, the Commissioners Court of Jefferson County, and Honorable R. E. Culberson, Sheriff of Jefferson County, to take all necessary steps to obtain his production and to bring him to trial on the felony indictment pending against him in Jefferson County is an infringement of his constitutional right to a speedy public trial.

We had occasion to consider and decide this exact question in Cooper v. State, Tex., 400 S.W.2d 890 (1966). A majority of the Justices of the court adhere to the views there expressed, and the petition for writ of mandamus is accordingly denied. The four Justices who dissented in *Cooper* adhere to the views expressed in the dissenting opinion in that case and for the reasons there stated would grant the writ in this case.