[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-100-CR

 

 

EX PARTE
VANESSA KAYE LAMAR

 

 

                                              ------------

 

                    FROM THE COUNTY COURT OF JACK COUNTY

 

                                              ------------

 

                                OPINION ON REHEARING

 

                                              ------------

On our own motion, we withdraw our memorandum
opinion and judgment of November 3, 2005 and substitute the following. 

Appellant Vanessa Kaye LaMar filed a pretrial
application for writ of habeas corpus alleging a violation of her right to a
speedy trial, and the trial court denied relief.  In two issues, appellant asserts that the trial
court erred by denying relief because the court=s
failure to provide her a speedy trial violated the Sixth Amendment and article
I, section 10 of the Texas Constitution. 
We affirm.








In November 2003, appellant pleaded no contest to
a class B misdemeanor possession of marijuana charge and received one year of
deferred adjudication community supervision. 
In January 2004, appellant was arrested on a second charge of marijuana
possession, and the State filed a motion to proceed to adjudication on the
first offense on February 2, 2004.

On February 22, 2005, appellant filed an
application for writ of habeas corpus, complaining that her constitutional
right to a speedy trial had been violated.  
The same day, the trial court stated it would set the case for trial and
denied  habeas  corpus 
relief  after  taking 
notice  of  appellant=s  evidence.[1]
Appellant then announced that she was going to appeal the trial court=s denial
of relief and asked the court not to set the case for trial until the appeal
had been decided.  Appellant now argues,
however, that the trial court erred when it denied her relief because she has
not been afforded her constitutional right to a speedy trial.

 

 













The court of criminal appeals has held that a
defendant may use a pretrial writ of habeas corpus in very limited
circumstances.[2]  The court has further held that these
circumstances do not include an attempt to seek dismissal of a proceeding on
speedy trial grounds because the defendant has an adequate remedy at law and,
therefore, has no need for the drastic remedy of habeas corpus.[3]  Instead, a defendant should file a motion to
set aside the indictment in the trial court pursuant to article 27.03 of the
Texas Code of Criminal Procedure, and, if the trial court erroneously denies
the motion, the defendant may appeal from any conviction that resulted from the
continued prosecution.[4]

The dissenting and concurring opinion contends
that it Amakes no
sense@ to require
the State and appellant to endure the time and expense of a trial and appeal
when appellant=s speedy trial complaint can be
settled in a pretrial habeas proceeding.[5]  In addressing this concern, however, the
United States Supreme Court has observed:

There perhaps is some
superficial attraction in the argument that the right to a speedy trial . . .
must be vindicated before trial in order to insure that no nonspeedy trial is ever
held.  Both doctrinally and
pragmatically, however, this argument fails. 
Unlike the protection afforded by the Double Jeopardy Clause, the Speedy
Trial Clause does not, either on its face or according to the decisions of this
Court, encompass a Aright not to be tried@ which must be upheld
prior to trial if it is to be enjoyed at all. 
It is the delay before trial, not the trial itself, that offends the
constitutional guarantee of a speedy trial. 
If . . . an accused [is deprived] of his right to a speedy trial, that
loss, by definition, occurs before trial. Proceeding with the trial does not
cause or compound the deprivation already suffered.[6]  

 








We hold that appellant has an adequate remedy at
law; therefore, she is not entitled to habeas relief.  We therefore overrule appellant=s issues
and affirm the trial court=s
judgment. 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL B:   CAYCE,
C.J.; DAUPHINOT and WALKER, JJ.

 

DAUPHINOT, J. filed a dissenting and
concurring opinion. 

 

WALKER, J. concurs without opinion.

 

PUBLISH

 

DELIVERED: 
December 22, 2005











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-05-100-CR

 

                                                    

EX PARTE VANESSA KAYE
LAMAR

 

                                              ------------

 

                    FROM THE
COUNTY COURT OF JACK COUNTY

 

                                              ------------

 

      CONCURRING AND DISSENTING
OPINION ON REHEARING 

 

                                              ------------








Although I agree that the trial court=s order
denying habeas relief should be affirmed, I respectfully dissent from the
majority=s
holding that a pretrial application for writ of habeas corpus will not lie to
raise the issue of the denial of a speedy trial as guaranteed by the
Constitution of the United States.  As
the majority concedes in a footnote, Aa
defendant in a criminal case may use a pretrial writ of habeas corpus: (1) to
challenge the State=s power to restrain him . . .;
and (3) to raise certain issues, which, if meritorious, would bar prosecution
or conviction.@[1]  I
would follow the guidance of the Texas Court of Criminal Appeals and hold that
when a Apleading
is not reparable, a defendant may seek relief from a time-barred prosecution by
a pretrial petition for a writ of habeas corpus.@[2]  When the State has delayed prosecution beyond
the time consistent with the due process guarantees of the Constitution of the
United States, the pleading that charges the defendant with the offense is not
reparable; if a violation of the speedy trial right is established, the only
proper remedy is the dismissal of the prosecution with prejudice.[3]  That
is, a meritorious writ based on a speedy trial violation successfully
challenges the State=s power to restrain the defendant
and completely bars prosecution and conviction. 


The majority relies on a 1978 opinion of the
Supreme Court of the United States and also cites a case dealing with a
pretrial writ seeking to declare a criminal statute unconstitutional.  I, however, believe that we should look to
more recent law dealing with the issue actually before this court in
determining whether habeas relief will lie. 
The Texas Court of Criminal Appeals has addressed the issue of habeas
relief and the appropriate appellate standard when there is no timely
indictment and when the denial of a speedy trial is raised.  The Martin court stated, 








In Barker v. Wingo,
the Supreme Court set out a balancing test with four factors to determine when
pretrial delay denies an accused of his right to a speedy trial:  (1) length of the delay, (2) reason for the
delay, (3) prejudice to the accused, and (4) the accused's assertion of the
right.  Today we adopt a Barker‑like,
totality‑of‑circumstances test for the determination of good cause
under article 32.01.  The habeas court
should consider, among other things, the length of the delay, the State's
reason for delay, whether the delay was due to lack of diligence on the part of
the State, and whether the delay caused harm to the accused. 

 

. . .
.

 

Although the factors that we adopt today and the factors adopted by
the Supreme  Court in  Barker are similar, we adopt this  Barker‑like test because of the
similarities in the problem presented: 
How do courts determine when the right to be discharged in the absence
of an indictment or the right to a speedy trial has been violated?  The protections are different, but the
problem presented is the same; a fact‑intensive situation calls for a
balancing of the interests served by the rule and the interests of the parties.[4]

 

Indeed, when the speedy trial complaint was
couched in terms of failure to indict, although technically different from a
pure speedy trial claim, the Texas Court of Criminal Appeals held that
Appellant had waived his claim for failure to seek habeas relief:

In his seventh point of error, appellant contends that the trial court
erred in denying his writ of habeas corpus and not dismissing the indictment
with prejudice for failure to comply with Texas Code of Criminal Procedure
former Articles 28.061 and 32.01. The Grand Jury indicted appellant for capital
murder on January 24, 1996.  Appellant
filed his application for writ of habeas corpus on March 21, 1997.  On that same day, the State filed an
affidavit of "good cause" pursuant to Article 32.01 of the Texas Code
of Criminal Procedure setting forth the grounds upon which the State justified
the alleged delay.  There was no hearing
on the writ.  The trial court denied
appellant relief.

 








We have held that Article 32.01 has no application once an indictment
is returned.  In this case, appellant
waived his right to challenge the indictment since he filed his writ of habeas
corpus almost a year and a half after the indictment was returned by the grand
jury.[5] 

 

To require both the State and the defendant to
marshal their evidence, call witnesses, pay lawyers and possibly experts to try
the case in its entirety, and then endure the time and expense of appeal makes
no sense when the issue can be settled in a pretrial habeas proceeding.  

Because this case falls squarely within the
parameters set out in Ex parte Smith,[6]
I would hold that Appellant properly raised her speedy trial claim in her
application for pretrial writ of habeas corpus. 
I would then affirm the trial court=s order
denying habeas relief because Appellant did not demand her day in court below
but, rather, requested only dismissal.                                                                         

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:  December 22, 2005











[1]See Ex parte Hargett, 819 S.W.2d 866, 868
(Tex. Crim. App. 1991).





[2]See e.g., Ex parte Smith, No. PD-0616-04, 2005 WL
2660072, at *2 (Tex. Crim. App. Oct. 19, 2005) (noting the limited
circumstances in which a defendant may use a pretrial writ of habeas corpus:
(1) to challenge the State=s power to restrain him; (2) to challenge the
denial or conditions of bail; and (3) to raise certain issues, which, if
meritorious, would bar prosecution or conviction); Smith v. Gohmert, 962
S.W.2d 590, 593 n.7 (Tex. Crim. App. 1998) (orig. proceeding) (holding that
when relator sought  writ of mandamus to
compel trial court to either set his case for trial or dismiss the indictment
pending against him, relator had no adequate remedy at law and was entitled to
have his case set for trial (citing Chapman v. Evans, 744 S.W.2d 133,
135 (Tex. Crim. App. 1988))).  





[3]See Smith, 962 S.W.2d at 593
(holding that when appellant claimed his state and federal rights were
violated, he had an adequate remedy at law and was not entitled to habeas
corpus relief); see also Ex parte Weise, 55 S.W.3d 617, 620 (Tex. Crim.
App. 2001) (noting that the court of criminal appeals has held Athat an applicant may not
use a pretrial writ to assert his or her constitutional rights to a speedy
trial@); Ex parte Williams,
No. 04-05-00386-CV, 2005 WL 1458687, at *1 (Tex. App.CSan Antonio June 22,
2005, no pet.) (mem. op.) (not designated for publication); In re Evans,
No. 04-05-00563-CV, 2005 WL 2012772, at *1 (Tex. App.CSan Antonio Aug. 24,
2005, no pet.) (mem. op.) (not designated for publication) (both holding that
defendant may not use pretrial habeas corpus to obtain dismissal of criminal
charges on speedy trial grounds).  





[4]Smith, 962 S.W.2d at 592
(citing Pope v. Ferguson, 445 S.W.2d 950, 955-56 (Tex. 1969)).  Of course, a defendant who successfully
establishes a speedy trial claim in a motion to dismiss will not be tried.  United States v. MacDonald, 435 U.S.
850, 861 n.8, 98 S. Ct. 1547, 1553 n.8 (1978). 





[5]Dissenting and concurring
op. at 4. 





[6]MacDonald, 435 U.S. at 860-61, 98
S. Ct. at 1552-53 (1978); accord Smith, 962 S.W.2d at 593. 





[1]Majority op. at 3 n.2.





[2]Ex parte Smith, No. PD-0616-04, 2005 WL
2660072, at *1 (Tex. Crim. App. Oct. 19, 2005).





[3]Strunk v. United States, 412 U.S. 434, 440, 93
S. Ct. 2260, 2263 (1973);
Shaw v. State, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003).





[4]Ex parte Martin, 6 S.W.3d 524, 528-29
(Tex. Crim. App. 1999) (citations omitted).





[5]Brooks v. State, 990 S.W.2d 278, 285
(Tex. Crim. App.), cert. denied, 528 U.S. 956 (1999) (citations
omitted).





[6]Smith, 2005 WL 2660072, at *2.
















 [COMMENT1]

Majority by Chief Justice Cayce; Concurrence and
Dissent by Justice Dauphinot.  Opinion on
rehearing on the court=s on motion.