IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0892
════════════
 
In re McAllen Medical Center, 
Inc., D/B/A
McAllen Medical Center & 
Universal Health Services, Inc., 
Relator
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued December 5, 
2006
 
            

            
Justice Wainwright, 
dissenting, joined by Chief Justice 
Jefferson and Justice O’Neill.
 
            
A whole new world
            
A new fantastic point of view
            
No one to tell us no
            
Or where to go
            
Or say we’re only dreaming . . .
            
It’s crystal clear 
            
That now I’m in a whole new world with you.
 
Brad Kane, A Whole New World, on Aladdin (Disney 1992).
            
A whole new world in mandamus practice, hinted by opinions in the last 
few years, is here. The Court’s heavy reliance on costs and delay to support its 
conclusion that the hospital has no adequate remedy by appeal marks a clear 
departure from the historical bounds of our mandamus jurisprudence. Because the 
Court’s opinion in this case does not follow the standards we established in the 
once-seminal case of Walker v. Packer, 827 S.W.2d 833 (Tex. 1992), for 
exercising our mandamus jurisdiction, notwithstanding the merits of the case, I 
respectfully dissent.
I.
            
The Court’s jurisdiction to act on interlocutory orders from trial courts 
is more limited than its jurisdiction to act on final judgments. Ogletree v. 
Matthews, __ S.W.3d __, __ n.1 (Tex. 2007) 
(“Texas 
appellate courts have jurisdiction only over final orders or judgments unless a 
statute permits an interlocutory appeal.”).[1] The jurisdiction to act on interlocutory 
orders includes areas in which the Legislature has provided for appeals of 
interlocutory orders[2] and instances in which the Court has 
decided to exercise its constitutionally recognized and legislatively defined 
mandamus jurisdiction.[3] “[E]xcept to enforce its own 
jurisdiction, the Supreme Court has only such original jurisdiction to issue 
writs of mandamus ‘as may be specified’ by the Legislature.” Pope v. 
Ferguson, 445 S.W.2d 950, 952 (Tex. 1969) (quoting Tex. Const. art. V, § 3). In 1992, in 
Walker v. Packer, the Court comprehensively summarized and restated the 
standards for the exercise of its mandamus authority. 827 S.W.2d at 839–44. As 
Chief Justice Phillips explained, the basic standards for mandamus relief date 
back to the 1901 case of Aycock v. Clark, 60 S.W. 665, 666 (1901), and 
before. Id. at 841 n.8; Pope, 445 S.W.2d at 953; cf. 
Crane v. Tunks, 328 S.W.2d 434, 440 (Tex. 1959) (In the 1950s the 
mandamus writ was modified to allow correction of clear abuses of discretion by 
trial courts instead of limiting the writ to compelling performance of a 
ministerial duty or act.).
            
Mandamus is an extraordinary writ that should issue “only in situations 
involving manifest and urgent necessity and not for grievances that may be 
addressed by other remedies.” Walker, 827 S.W.2d at 840 (quoting James B. 
Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil 
Appeals of Texas, in Appellate Procedure in Texas § 
1.4(1)(b) at 47 (Orville C. Walker 2d ed., 1979)). We established two pillars as 
predicates for exercise of this extraordinary writ. Where a trial court’s order 
is a clear abuse of discretion and there is no adequate remedy on appeal, the 
aggrieved party need not wait for a final judgment to seek judicial review of 
the decision. Walker, 827 S.W.2d at 839; State v. Walker, 679 
S.W.2d 484, 485 (Tex. 1984) (“A general requirement for a writ of mandamus is 
the lack of a clear and adequate remedy at law, such as a normal appeal.”); 
Pope, 445 S.W.2d at 953 (“[W]e have consistently refused to issue writs of 
mandamus . . . when the party applying has an adequate remedy by appeal.”); 
Aycock, 60 S.W. at 666 (adopting the no adequate remedy by appeal 
requirement from Ex parte Newman, 81 U.S. 152, 165 (1872), which stated 
no writ will “be issued in any case if the party aggrieved may have a remedy by 
writ of error or appeal”). The first requirement continues to be viable—there 
must be a clear abuse of discretion by the trial court. In re Living Cts. of 
Tex., Inc., 175 S.W.3d 253, 255–56 (Tex. 
2005); Walker, 827 S.W.2d at 839 (writ of 
mandamus corrects a “clear abuse of discretion”). The second requirement for 
granting mandamus relief, the inadequacy of an appeal, has been the focus of 
debate for the entire life of Walker, especially in recent years as it 
has inhaled increasingly difficult gasps of breath to avoid succumbing to 
extinction in the traditional world of mandamus practice. See, e.g., 
In re Allied Chem. Corp., 227 S.W.3d 652, 663–67 (Tex. 2007) (5-4 decision) 
(Jefferson, C.J., dissenting); id. at 667 (Wainwright, J., dissenting); 
In re Ford Motor Co., 988 S.W.2d 714, 724–27 (Tex. 1998) (Baker, J., 
concurring and dissenting). 
            
Until recently, we defined an inadequate remedy on appeal as a 
circumstance in which waiting for a final appealable judgment in a case would 
deprive the aggrieved party of substantial rights or result in a legal error 
that the appellate court would be unable to correct. In re Kansas City S. 
Indus., Inc., 139 S.W.3d 669, 670 (Tex. 
2004); Iley v. Hughes, 311 S.W.2d 648, 652 (Tex. 1958) (Interference 
in the normal trial and appellate process by mandamus “is justified only when 
parties stand to lose their substantial rights.”). Deprivation of substantial 
rights would occur if waiting for an appeal would vitiate or severely compromise 
a party’s ability to present a viable claim or defense at trial,[4] or privileged and confidential 
information would be disclosed. Huie v. DeShazo, 922 S.W.2d 920, 928 
(Tex. 1996). 
Appellate courts would be unable to cure such errors after a final judgment, 
causing irreparable harm to the aggrieved party and, importantly, wasting 
judicial resources. Walker, 827 S.W.2d at 843 (The trial 
court’s ruling is an “effective denial of a reasonable opportunity to develop 
the merits of his or her case, so that the trial would be a waste of judicial 
resources.”). This was the vaunted “no adequate remedy by appeal” 
requirement, which Walker explained was a “‘fundamental 
tenet’ of mandamus practice.” Id. at 840 
(quoting Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 
(Tex. 1989)); 
see Pope, 445 S.W.2d at 954 (“[A] writ [of mandamus] positively will not 
issue . . . [where] there is an adequate remedy by appeal for correction.”). 

            
In Walker, we reviewed several of our 
precedents in which we issued writs of mandamus without addressing this 
fundamental tenet and expressly disapproved of them “and any other authorities 
to the extent they might be read as abolishing or relaxing” the no adequate 
remedy on appeal requirement. Walker, 827 
S.W.2d at 842 (expressly disapproving of Barker v. Dunham, 551 S.W.2d 41 
(Tex. 1977) and Allen v. Humphreys, 559 
S.W.2d 798 (Tex. 1977)).
            
Laboring to establish predictable standards to guide Texas appellate courts in 
determining whether an adequate remedy by appeal existed, we expressly excluded 
certain burdens in litigation from satisfying the no adequate remedy standard. 
An appellate remedy is not inadequate “merely because it may involve more 
expense or delay than obtaining an extraordinary writ.” Id. at 842. In 
previous cases, we explained that “the cost and delay of pursuing an appeal will 
not, in themselves, render appeal an inadequate alternative to mandamus 
review.” Bell Helicopter Textron, Inc. v. Walker, 787 S.W.2d 954, 955 
(Tex. 
1990); Iley, 311 S.W.2d at 652 (“[D]elay in getting questions decided 
through the appellate process . . . will not justify intervention by appellate 
courts through the extraordinary writ of mandamus.”). 
            
The no adequate remedy by appeal condition serves important purposes. 
While we lamented the substantial fees and costs of litigation and the 
significant delay that could be incurred waiting for the opportunity to appeal, 
we noted that every erroneous ruling would create these burdens, and mandamus 
would not lie to correct every one as it would cause substantial disruption to 
the trial process. Walker, 827 S.W.2d at 842. This 
limitation on the exercise of mandamus jurisdiction prevented appellate courts 
from becoming entangled in the myriad of routine rulings made by trial courts in 
every case before entry of an appealable order. Id. Trial courts could then manage 
their dockets and preside over trials without repeated delays in judicial 
proceedings. Id. Moreover, the adequate remedy 
standard curbed the potential deluge of appellate cases that could be raised by 
hard-charging parties to increase the expense and the stakes in the case.
            
We have recognized, however, that harm to the judicial system, affecting 
our constitutional obligation to oversee the administration of justice and the 
rights of all Texans to a fair and efficient judicial system, is a basis for 
acting by mandamus. On that basis, we held, for example, that appeal is an 
inadequate remedy when one Texas court issues 
an order that directly interferes with another Texas court’s jurisdiction. In re SWEPI, 
L.P., 85 S.W.3d 800, 809 (Tex. 2002); 
Perry v. Del Rio, 66 S.W.3d 239, 258 
(Tex. 2001). 
We also acted by mandamus when thousands of potential claimants seeking personal 
jurisdiction in Texas courts would exact a significant cost to 
the judicial system that it need not bear. CSR Ltd. v. Link, 925 S.W.2d 
591, 596–97 (Tex. 1996). Times have changed as today this 
Court reverses itself. The cost and delay to the parties in this case is the 
very basis on which the Court concludes there is no adequate remedy by appeal. 
__ S.W.3d __.
            
The Court extended Walker and the established tenets of mandamus 
review to their logical limits in In re AIU Insurance Co., 148 S.W.3d 109 
(Tex. 2004) and In re Prudential Insurance Co. of America, 148 S.W.3d 124 
(Tex. 2004). One may reasonably view these two cases as expanding the 
application of Walker’s standards. More than 
mere delay in time and incurred litigation expense was necessary for the Court 
to act under its mandamus authority in both cases. The inadequate remedy on 
appeal tenet in In re AIU was based on the failure of the trial court to 
enforce a venue provision in a commercial agreement, when such failure would 
have forfeited for all time the contract rights the relator purchased and on 
which the parties agreed. 148 S.W.3d at 115. Once tried in Texas, contrary to the venue provision, it would be 
impossible for the relator to receive the benefit of its bargain that any 
dispute would only be tried in New 
York. Id. at 117–18. In re 
Prudential held that mandamus was proper when the trial court denied a 
party’s attempt to enforce a contractual waiver of a jury trial. 148 S.W.3d at 
138–39. In these cases, proceeding to trial as the real party in interest would 
be a waste of judicial resources and a forfeiture of substantial rights. See 
Walker, 827 S.W.2d at 843; In re AIU Ins. Co., 148 S.W.3d at 
117 (“Subjecting a party to trial in a forum other than that agreed upon and 
requiring an appeal to vindicate the rights granted in a forum-selection clause 
is clear harassment. There is no benefit to either the individual case or the 
judicial system as a whole.”); In re Prudential Ins. Co. of Am., 148 
S.W.3d at 138 (“If Prudential were to obtain judgment on a favorable jury 
verdict, it could not appeal, and its contractual right would be lost forever” 
because “[e]ven if Prudential could somehow obtain reversal based on the denial 
of its contractual right, it would already have lost a part of it by having been 
subject to the procedure it agreed to waive.”).
            
The Court creates a whole new world today, jettisoning the 
well-established precept that delay and expense alone do not justify mandamus 
review.[5] While such costs are undesirable and 
should be avoided when appropriate, the requirement of an inadequate remedy on 
appeal served as a check on appellate entanglement in incidental trial rulings 
and as a guide to the bench and bar on when to seek mandamus review. 
II.
            
 In this case, relator filed a motion to dismiss under former 
article 4590i of the MLIIA for failure to file an adequate expert report, which 
the trial court denied. Tex. Rev. Civ. 
Stat. art. 4590i § 13.01(d). Defendants were not entitled to an 
interlocutory appeal of a trial court’s denial of a motion to dismiss under 
former article 4590i. Although the Legislature later provided an interlocutory 
appeal for some denials of motions to dismiss, that right only applies to cases 
filed after September 1, 2003. Tex. Civ. 
Prac. & Rem. Code § 51.014(a)(9); see Lewis v. Funderburk, __ 
S.W.3d __, __ (Tex. 2008). Because this case was filed prior to that date, an 
interlocutory appeal is not available, and relator seeks mandamus relief from 
the trial court’s order. The Court previously had the opportunity to decide 
whether to address the question of dismissal of medical malpractice cases by 
mandamus. See In re Women’s Hosp. of Tex., 141 S.W.3d 144 (Tex. 2004) 
(Owen, J., concurring in part and dissenting in part to the denial of the 
petitions). 
            
In a vigorous dissent to the denial of several petitions, Justice Owen, 
joined by Justice Hecht and Justice Brister, wrote, “I would grant mandamus 
relief in health care liability cases that remain governed by former article 
4590i when an expert report fails to meet the statutory requirements and the 
trial court has nevertheless refused to comply with governing law that requires 
dismissal of the case.” Id. at 147.[6] The dissent acknowledged the 2003 
Legislature’s decision to grant interlocutory review only prospectively for some 
denials of defendants’ motions to dismiss. Id. at 148. The dissent argued 
that the purpose of the expert report requirement and the legislative decision 
to grant interlocutory review prospectively only were not indications “that the 
Legislature intended for courts to deny mandamus relief in medical liability 
cases filed before that date,” but reflections of the Legislature’s intent that 
courts grant mandamus relief in former article 4590i cases and apply a narrower 
scope of review in new cases subject to the interlocutory appeal provisions. 
Id. Notwithstanding these arguments, a majority of the Court decided to 
deny mandamus relief. I respectfully declined to join the dissent’s position as 
to our mandamus jurisdiction then and continue to disagree with that position as 
now articulated in the Court’s opinion only a few years later. 
            
So the Court’s opinion today is based neither on legislative intent, nor 
on judicial precedent.[7] It is, simply, the introduction of a 
whole new world in mandamus practice, perhaps foreshadowed by steps in this 
direction in the In re Allied Chemical, In re Prudential, and 
In re AIU opinions. While In re Prudential and In re AIU 
represented perhaps the endpoints of Walker’s logic, in the new world 
In re Prudential and In re AIU are just the beginning.
            
In re Prudential and In re AIU were still tethered to 
Walker, and they assiduously endeavored to explain the inadequacy of an 
appeal. In this case, the Court merely cites this standard and then 
summarily rejects the clear rule affirmed in many cases—that the delay and 
expense of pursuing an appeal do not justify mandamus review. __ S.W.3d 
at __; see, e.g., Walker, 827 S.W.2d at 843; Hooks v. Fourth 
Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991); Bell Helicopter 
Textron, Inc., 787 S.W.2d at 955; Iley, 311 S.W.2d at 652. The 
opinion in this case signals a new mandamus jurisprudence not tied to the 
check against reviewing incidental trial court rulings. As the Court says, it 
will act on mandamus petitions when “some calls are so important” and 
sufficiently incorrect that they move the Court to action, notwithstanding the 
former limitations imposed by the requirement that there be no adequate remedy 
by appeal. __ S.W.3d at __.
            
There are egregious cases that compel action by mandamus on grounds that 
may not fit neatly within the traditional mandamus standards established by our 
precedents. Such cases should be the exception; they may now have become the 
rule. Because the Court abandons important tenets in our traditional mandamus 
practice and is not authorized to act by section 22.002 of the Texas Government 
Code on the interlocutory trial court order, I respectfully dissent.
 
            
__________________________
            
J. Dale Wainwright
            
Justice
 
OPINION 
DELIVERED: May 16, 2008






[1] 
See Tex. Const. art. V, § 
3-c(a) (granting the Court jurisdiction to decide questions, not only 
cases or controversies, certified from federal courts of appeal).  The 
Legislature may change the Court’s jurisdiction over final judgments in cases or 
controversies and interlocutory matters.

[2] 
See Tex. Civ. Prac. & Rem. 
Code § 51.014(a).  

[3] 
This Court “may issue the writs of mandamus, procedendo, certiorari and such 
other writs, as may be necessary to enforce its jurisdiction. The Legislature 
may confer original jurisdiction on the Supreme Court to issue writs of quo 
warranto and mandamus in such cases as may be specified.”  Tex. Const. art. V, § 3.  The 
Court may issue writs of “mandamus agreeable to the principles of law regulating 
those writs, against . . . any officer of state government except the governor, 
the court of criminal appeals, or a judge of the court of criminal 
appeals.”  Tex. Gov’t. Code 
§ 22.002(a). 

[4] 
See Nat’l Med. Enters. v. Godbey, 924 S.W.2d 123, 133 (Tex. 1996) 
(disqualification of counsel); Able Supply Co. v. Moye, 898 S.W.2d 766, 
772 (Tex. 1995) (denial of discovery); TransAmerican Natural Gas Corp. v. 
Flores, 870 S.W.2d 10, 12 (Tex. 1994) (outcome determinative sanctions). 


[5] 
The Court recites that the expert reports at issue addressed the claims of 224 
patients.  However, only ten patients were real parties when the petition 
was filed in this Court and only eight patients remain in this 
proceeding.

[6] 
It remains an open question whether a denial of a motion to dismiss under the 
MLIIA’s expert report requirement is reviewable on appeal after a final judgment 
on the merits.  See Villafani v. Trejo, __ S.W.3d __, __ n.2 (Tex. 
2008) (holding that the denial of a motion to dismiss under the MLIIA is 
reviewable after a nonsuit but noting that a motion for sanctions under the 
MLIIA may not always be reviewable on appeal after a final judgment). 

[7] 
The Legislature has the authority to make and change the avenues for and timing 
of appellate review of these interlocutory orders.  The Court misconstrues 
my position on the propriety of the Legislature to make 
policy.