ACCEPTED
15-24-00074-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 9:32 PM
CHRISTOPHER A. PRINE
CLERK

No. __15-24-00074-CV__

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/24/2025 11:32:00 PM
CHRISTOPHER A. PRINE
~~Clerk~~

# In the State of Texas
# Fifteenth Court of Appeals

Jane Nelson in her Official Capacity as Secretary of State for the State of Texas,
*Appellant.*

v.

Jarrett Woodward, Heather Couchman, Amber Cloy,
Tommie Dickinson, Travis Eubanks, Amanda Eubanks,
Traci Jones, Lars Kuslich, Michelle Pique, Madelon
Highsmith, and Sharon Cotton, Voters of Bexar County,
*Appellees.*

Trial Court No. D-1-GN-23-008185,
261st Judicial District Court, Travis County

## MOTION FOR REHEARING

Madelon
Highsmith
5138 CR 309
Kingsland, TX
78639
(214)505-5071
mhighsmith@mac.
com

Sharon M. Cotton
502 Bluebonnet Ln.
Red Oak, TX
75154
(972)989-6364
Sharon.cotton53@i
cloud.com

Traci R. Jones
330 Bob White Dr.
Red Oak, TX
75154
(817)235-8409
Jones_traci24@hot
mail.com

*Appellees Pro se*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... ii

INDEX OF AUTHORITIES .............................................................................. iii

CONTEST CITE REFERENCES ....................................................................... vi

BASIS FOR REHEARING ................................................................................. 1

SUMMARY OF ARGUMENT ........................................................................... 1

ARGUMENT ....................................................................................................... 2

    *The Opinion Places Undue Burden Upon Contestants* ........................ 3

        I.    The Standing Doctrine Should Not be Illusory ..................................... 6

        II.  Viable Claim in an Election Contest ..................................................... 10

        III.  This Court Should Take the Opportunity to Restore Justice to this Election Contest ................................................................................... 15

PRAYER ............................................................................................................ 16

CERTIFICATE OF SERVICE .......................................................................... 20

CERTIFICATE OF COMPLIANCE ................................................................. 21

# INDEX OF AUTHORITIES

**CASES**

*Anderson v. United States*,
417 U.S. 211, 227, 94 S. Ct. 2253, 2263–64, 41 L. Ed. 2D 20 (1974) ........ 12

*Andrade v. Venable*,
372 S.W.3d 134, 137 (Tex. 2012) ..................................................... 6

*Bland Indep. Sch. Dist. v. Blue*,
34 S.W.3d 547, 554 (Tex. 2000) ............................................... 10, 16

*Blum v. Lanier*,
997 S.W.2d 259, 264 (Tex. 1999) ..................................................... 6

*Brown v. Todd*,
53 S.W.3d 297, 303 (Tex. 2001) ...................................................... 6

*City of El Paso v. Heinrich*,
284 S.W.3d 366, 368–69, 372, 376–77 (Tex. 2009) .................................. 13

*Data Foundry, Inc. v. City of Austin*,
620 S.W.3d 692, 696 (Tex. 2021) ..................................................... 9

*De Shazo v. Webb*,
113 S.W.2d 519, 520 (Tex. 1938) ........................................ 2, 5, 9, 15, 16

*Dunn v. Slagle*,
783 S.W.2d 953, 956 (Tex. App.—Houston [14th Dist.] 1990, no writ)..... 14

*Everett v. TK-Taito, L.L.C.*,
178 S.W.3d 844, 850 (Tex. App.— Fort Worth 2005, no pet.) .................... 6

*Gonzalez v. Graham*,
No. 13-23-00091-CV, at *10 (Tex. App. Jan. 18, 2024) ............................ 6

*Green v. Reyes*,
836 S.W.2d 203, 208 (Tex. AppHouston [14th Dist.] 1992, no writ).......... 14

*Harvey v. Henry*,
2024 WL 3875931, at *4–5 (Tex. App.—Houston [14th Dist.],
Aug. 20, 2024, no pet.)............................................................... 4

*Howell v. Abbott*,
656 S.W.3d 135 (Tex. 2022) ........................................................... 8

*In re Allen*,
366 S.W.3d 696, 708 (Tex. 2012) .................................................... 10

*In re D.D.L.*,
No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022)............................... 4

*In re Estate of Gilbert*,
   No. 12-10-00327-CV, at *2 (Tex. App. Jan. 31, 2012) ................................. 6

*In re S.M.D.*,
   329 S.W.3d. (Tex. App. 2010) ...................................................................... 4

*Jones v. Stinson*,
   2023 WL 8946172, at *4 (Tex. App.—Dallas Dec. 28, 2023, no pet.) ......... 4

*Jorolan et.al. v. Eads*,
   No. 02-23-00338-CV (Tex. App. 2nd Dis.), Feb. 26, 2025......... 2, 7, 9, 15, 16

*Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*,
   80 S.W.3d 580, 585 (Tex. 2002) ................................................................ 15

*McIntyre v. Ramirez*,
   109 S.W.3d 741, 748 (Tex. 2003) .............................................................. 10

*Nelson v. Eubanks*,
   No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App. (15 Dist.),
   Nov. 26, 2024, pet. denied) ........................................................................ 2

*Perez v. Turner,*
   653 S.W.3d 191, 198 (Tex. 2022) ............................................................... 5

*Pope v. Ferguson*,
   445 S.W.2d 950, 952 (Tex. 1969) ............................................................... 6

*Porter v. Nemir*,
   900 S.W.2d 376, 384 (Tex. App.—Austin 1995, no writ) .......................... 14

*Ramsey v. Miller*,
   No. 2023 WL 3645468, at *3–4 (Tex. App.—Fort Worth,
   May 25, 2023, pet. denied)......................................................................... 4

*Reynolds v. Sims*,
   377 U.S. 533, 561, 84 S. Ct. 1362, 1381, 12 L. Ed. 2d 506 (1964) ............. 11

*Stark v. American Nat'l Bank of Beaumont*,
   100 S.W.2d 208, 212 (Tex. Civ. App.-Beaumont 1936, writ ref'd) ............. 15

*Swilley v. McCain*,
   374 S.W.2d 871, 875 (Tex. 1964) .............................................................. 15

*Tex. Health Presbyterian Hosp. of Denton v. D.A.*,
   569 S.W.3d 126, 136 (Tex. 2018) .............................................................. 10

*Texas Dept., Parks Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004) ....................................................................... 5

*Vieira v. Hudman*,
   2023 WL 5623481, at *4 (Tex. App.—Houston [14th Dist.],
   Aug. 31, 2023, no pet.)............................................................................... 4

*Williams v. Lara*,
    52 S.W.3d 171, 178–79 (Tex. 2001) ........................................................... 6

**STATUTES**

Tex. Elec. Code § 1.003(a-1) ....................................................................... 4
Tex. Elec. Code § 67.013(d) ...................................................................... 13
Tex. Elec. Code § 122.001…………………………………………………..11
Tex. Elec. Code § 221.002 ..................................................................... 7, 16
Tex. Elec. Code § 221.003 ..................................................................... 5, 16
Tex. Elec. Code § 221.011 .................................................................. 3, 5, 8
Tex. Elec. Code § 221.012 ....................................................................... 5, 8
Tex. Elec. Code § 221.017 ......................................................................... 13
Tex. Elec. Code § 233.002 ......................................................................... 17
Tex. Elec. Code § 233.005 ......................................................................... 16
Tex. Elec. Code § 233.010 ......................................................................... 13
Tex. Elec. Code § 233.014(c) ..................................................................... 13
Tex. Elec. Code § 276.013 ..................................................................... 8, 12
Tex. Elec. Code § 276.014 ..................................................................... 8, 12
Tex. Elec. Code Chp. 221 ........................................................................... 10
Tex. Elec. Code Chp. 233 ...................................................................... 7, 13

**OTHER AUTHORITIES**

Texas Law Help. Gathering and Presenting Evidence. Retrieved April 21, 2025.
    https://texaslawhelp.org/article/gathering-and-presenting-evidence .................. 14

**RULES**

Tex. R. App. P. Rule 16.3(b) ........................................................................ 3
Tex. R. App. P. Rule 49.1…………………………………………………….17
Tex. R. Civ. P. Rule 18b(b)(1), (2) .............................................................. 3
Tex. R. Civ. P. Rule 18(b)(1)(a) .................................................................. 3
Tex. R. Civ. P. Rule 18(b)(1)(b) .................................................................. 3
Tex. R. Civ. P. Rule 63 .............................................................................. 13

**CONSTITUTIONAL PROVISIONS**

Tex. Const. Art. I § 2 ................................................................................... 7
Tex. Const. Art. I § 8 ................................................................................... 7
Tex. Const. Art. I § 13 ................................................................................. 7

Tex. Const. Art. I § 19 ........................................................................... 14

Tex. Const. Art. I § 27 ........................................................................ 7, 8

Tex. Const. Art. V § 1 ............................................................................. 7

Tex. Const. Art. V § 8 ........................................................................ 7, 15

Tex. Const. Art. VI § 2(c) .................................................................... 8, 12

Tex. Const. Art. XVII § 1(c) .................................................................. 13

U.S. Constitution, Article III .............................................................. 2, 15

## CONTEST CITE REFERENCES

Clerk's Record: CR

Reporter's Record: RR. pg. number

Appellee's Brief: APB. pg. number

Appellee's Motion to Dismiss: MTD. pg. number

Appellee's Reply for Motion to Dismiss: MDR. pg. number

This court's opinion from *Nelson v. Eubanks*,
No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App. (15 Dist.), Nov. 26, 2024,
pet. denied): Eubanks page number

This court's opinion in this consolidated contest: Opinion page number

TO THE PANEL ON THE FIFTEENTH COURT OF APPEALS:

## BASIS FOR REHEARING

The Fifteenth Court of Appeals issued judgement on April 10, 2025 that unnecessarily diminishes the law of standing for an election contest.

I. Whether this court erred in refusing constitutional standing under the legislated election contest.

II. Whether this court erred in rendering a decision to dismiss the election contest.

III. Whether this court unduly forecloses on a matter of law necessary to hold legitimate election contests with an opinion contrary to the state's appellate court rulings.

This court should grant rehearing to address the clear constitutional conflict that exists between appellate court rulings, and reconsider its ruling on the law of standing associated with the long-settled precedence of a citizens' right of access to special legislative proceedings, prescribed by the Legislature.

## SUMMARY OF ARGUMENT

Texas implemented an election on illegal voting equipment in which it appears "Texas voters approved 13 of 14 amendments to the Texas Constitution in November of 2023. Four groups of voters (Voters) subsequently filed election contests against Secretary of State Jane Nelson claiming that certain electronic

voting systems were improperly certified and that Title 8 of the Texas Election Code was unconstitutional. The Secretary responded to each of these by filing pleas to the jurisdiction. The trial court denied the pleas." *Opinion pg. 2*.

The trial court consolidated the contests. Appellant appealed the trial court's ruling on the plea to the jurisdiction – the first appeal being dismissed by the Fifteenth Court of Appeals on November 26, 2024. In choosing to reverse the trial court's decision and render its own opinion this court states, "We addressed the same claims and same arguments four months ago in *Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App. (15 Dist.), Nov. 26, 2024, pet. denied)." *Opinion pg. 2*. This court should reconsider its judgement to take the opportunity to amend its opinion to concur with the state's well-established rule for election contests.

## ARGUMENT

The Fifteenth District Court of Appeals reversed the District Court's order on the plea to the jurisdiction, and render judgment dismissing the contest for lacking standing and facts for the same reasons dictated in *Nelson v. Eubanks*. However, *Deshazo v. Webb*, 131 Tex. 108 (Tex. 1938) currently governs election contests as well-established precedent. *Jorolan et.al. v. Eads*, No. 02-23-00338-CV (Tex. App. 2nd Dis.), Feb. 26, 2025. This court opined that statutory standing was not sufficient in an election contest, and Appellees must meet the requirements for Article III

2

standing. Appellees meet constitutional requirements even with the contest statute. *Eubanks pg. 8-9.*

Appellees' original pleadings asserted the facts consistent with the standard expected for sustaining election contests, and the tribunal was to determine whether the result of the election was indeterminable. Tex. Elec. Code §§ 221.011 and 221.012. APB. pg. 5, 18; APB. Appendix pg. 60-64. The dismissal of this election contest necessitates revisiting to render a decision according to Legislative standards.

### The Opinion Places Undue Burden Upon Contestants

On November 12, 2024, Proposition 8 Contestants/Appellees filed a motion for recusal of this court's justices claiming prejudice due to Justice Fields formerly representing one of the state's EVS in litigation, and the conflict-of-interest present from their Contestee/Appellant appointing the justices to the Fifteenth Court of Appeals panel. Tex. Rule Civ. Proc. Rule 18(b)(1)(a), and Tex. Rule Civ. Proc. Rule 18(b)(1)(b).

A judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned or he has a personal bias or prejudice concerning a party. Tex. R. Civ. P. 18b(b)(1), (2). After choosing not to recuse themselves, the justices were then able to deliberate over the remainder of the panel complying with Tex. R. App. P. 16.3(b). The resulting order, docketed on November

19, 2024, determines the outcome is not reasonably questioned and no prejudice exists. Appellees disagree and object.

In assuming jurisdiction, this court erred in comparing the contest to petitions for declaratory and injunctive relief that this states' courts of appeals dismissed for want of standing due to generalized grievance.[1] *Eubanks pg. 6-9*. "The Fourteenth Court found, as do we, that this was a generalized grievance rather than a concrete, particularized injury." *Eubanks pg. 8*. This court rejected the interpretation that an individual maintains standing solely through legislative provisions. "'When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis.' *In re S.M.D.*, 329 S.W.3d at 12." *In re D.D.L.*, No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022).

The Legislature intended that election officials and *other public officials* shall strictly construe the provisions of the Texas Election Code to effect the intent of the legislature under Section 1.0015 (Tex. Elec. Code § 1.003(a-1)). (emphasis added). This includes the legislative proceeding called the election contest. CR pg. 93, 96; APB pg. 1-2. The purpose of a plea to the jurisdiction is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist.*

---

[1] *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 17 (Tex. 2011); *Harvey v. Henry*, 2024 WL 3875931, at *4–5 (Tex. App.—Houston [14th Dist.], Aug. 20, 2024, no pet.); *Jones v. Stinson*, 2023 WL 8946172, at *4 (Tex. App.—Dallas Dec. 28, 2023, no pet.); *Vieira v. Hudman*, 2023 WL 5623481, at *4 (Tex. App.—Houston [14th Dist.], Aug. 31, 2023, no pet.); *Ramsey v. Miller*, No. 2023 WL 3645468, at *3–4 (Tex. App.—Fort Worth, May 25, 2023, pet. denied).

*v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). However, in *Eubanks* this court[2] assumed jurisdiction and turned toward the merits to dismiss the contest with prejudice. Here, this court looks at the merits to state, "As in *Eubanks*, the Voters claim the true outcome here is impossible to determine, 'but do not explain why.' The Voters make no attempt to demonstrate that this contest would alter the outcome of the election or 'why it was impossible for them to do so.' Therefore, we find the Voters failed to plead valid election contests." Opinion4-5. This statement attributes to Appellees the job of the tribunal according to Tex. Elec. Code §§ 221.003, 221.011, and 221.012. APB. pg. 18, APB. Appendix pg. 60-64.

Finally, this court stated, "the Voters had to allege facts that could support a claim that the true outcome would have been different if their claims were valid. TEX. ELEC. CODE § 221.003." *Eubanks pg. 9*. The Fifteenth Court of Appeal's opinion conflicts with long-standing precedent of this state illuminated in *Deshazo v. Webb*, 131 Tex. 108, 116 (Tex. 1938). "An election contest is not an ordinary lawsuit but is a special legislative proceeding. *Duncan v. Willis*, 157 Tex. 316, 320, 302 S.W.2d 627, 630 (1957). APB.7, MTD.4, MDR.3.

The Texas "supreme court has already recognized that private individuals can have a concrete interest in ensuring that an election is 'validly conducted.' *Brown v.*

---

[2] This court uses the language "viable claim" referencing *Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022). Perez was granted remand with the opportunity to replead to cure defects. See *Texas Dept., Parks Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).

*Todd*, 53 S.W.3d 297, 303 (Tex. 2001); see *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999)." *Gonzalez v. Graham*, No. 13-23-00091-CV, at *10 (Tex. App. Jan. 18, 2024). "After an election is held, the courts have a far more robust role to play in evaluating the results and the process by which those results were obtained. The Election Code provides remedies for 'elections tainted by fraud, illegality or other irregularity.' *Blum*, 997 S.W.2d at 262." *In re Morris*, No. 23-0111, 6 (Tex. Mar. 17, 2023). APB. pg. 17-18.

## I. The Standing Doctrine Should Not be Illusory

Texas courts are given subject matter jurisdiction to adjudicate a controversy under applicable constitutional **and** statutory provisions. See *Pope v. Ferguson*, 445 S.W.2d 950, 952 (Tex. 1969). *In re Estate of Gilbert*, No. 12-10-00327-CV, at *2 (Tex. App. Jan. 31, 2012). "Standing to sue may be predicated upon either statutory **or** common law authority." *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 850 (Tex. App.— Fort Worth 2005, no pet.) (citing *Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex. 2001)) (emphasis added). "Unless standing is conferred by statute, a plaintiff must show that he has suffered a particularized injury distinct from the general public." *Andrade v. Venable*, 372 S.W.3d 134, 137 (Tex. 2012). APB. pg. 7.

This court decided, "While the legislature may confer standing by statute, it may not set a 'lower standard' than 'that set by the general doctrine of standing,' because 'courts' constitutional jurisdiction cannot be enlarged by statute.'" (quoting

*Norwood*, 418 S.W.3d at 582 n.83). Eubanks8. "Critically, however, the court did not actually consider whether the Texas constitution authorized such standing distinct and apart from federal constitutional imperatives—an issue decided by the Texas Supreme Court over eight decades ago. In *De Shazo v. Webb*." *Jorolan et.al. v. Eads*, No. 02-23-00338-CV (Tex. App. 2nd Dis.), Feb. 26, 2025.

The Legislature mandated the requirements for Tex. Elec. Code Chp. 233. This chapter is supported by Tex. Const. Art. I § 2 and § 27. The Legislature was tasked by Tex. Const. Art. V § 1 to confer jurisdiction on the courts, and the Legislature supported Tex. Const. Art. V § 8 with Tex. Elec. Code § 221.002. Further, "*all* courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. I § 13. (emphasis added).

Officials proceeded with the election using EVS in spite of having been notified of their illegality, which caused the legality of Appellees' personal votes to be infringed upon and their freedom of expression to be inhibited. Tex. Const. Art. I § 2 and Art. I § 8. Appellant's first illegal action – certifying EVS for use in Texas that did not meet the standards of law – caused everything flowing from that action to also become illegal. Appellant deprived Appellees from casting a legal ballot and disenfranchised Appellees from rights and privileges secured by the Constitution. APB. pg. 15-16.

7

Protected under the Tex. Const. Art. I § 27, Appellees filed an election contest against the 2023 Constitutional Amendment election because of the injury incurred from officials causing Appellees votes to become illegal. The state's chief election official violated the legislatively prescribed statutes governing elections and voting systems. Tex. Elec. Code § 233.002. CR. pg. 96, 102, 104, 108, 128, 130, 721.

In a further attempt to stifle Appellees' constitutionally protected rights for free speech and petition, Appellant filed to dismiss the contest without hearing the merits. The trial court ruled correctly on the hearing for the plea to the jurisdiction, but Appellant appealed the order. This appellate court has issued an opinion signifying disagreement with the Constitution and the Legislature's statutes regarding election contest.

This court overstepped the Legislature's mandate when it rejected Appellees' merits as worthy to create concrete, individual injury under the Constitution. TEX. CONST. art. VI § 2(c): *other improper practice*, Tex. Elec. Code §§ 221.011, 221.012, 276.013(4), and 276.014. APB. pg. 12-13, 16-17. Appellees asserted a concrete, provable grievance and this court misapplied the generalized grievance doctrine. "If everybody has suffered the same concrete injury, then nobody has suffered a mere generalized grievance." *Howell v. Abbott*, 656 S.W.3d 135 (Tex. 2022).

Additionally, the supreme court expressly held that an amendment to Article V, Section 8 of the Texas constitution—by expressly conferring jurisdiction to adjudicate "contested elections" upon district courts—authorized the legislature to grant standing or "capacity" to citizen contestants, including residents and qualified voters, without a showing of a justiciable interest in the outcome of the election, i.e., a concrete, particularized injury distinct from the public at large. *De Shazo v. Webb* 113 S.W.2d 519, 520 (Tex. 1938) (answering certified question from the Eleventh Court of Appeals). *Jorolan et.al. v. Eads*, No. 02-23-00338-CV (Tex. App. 2nd Dis.), Feb. 26, 2025.

As taxpayers, Appellees have standing to challenge the misuse of public funds to implement the contested amendments, such as the $5 billion allocated through the Texas Energy Fund, which lacks legal authority due to the unresolved election contest. "Being forced to part with one's money to pay an excessive…" constitutional provision "…is an injury that is personal and individual, even though others may suffer the same injury. See *Spokeo*, 136 S. Ct. at 1548 n.7." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021). Appellees argued as taxpayers. APB. pg. 12-13, RR. pg. 17-19, 23-24. A taxpayer has standing in Texas without showing individual injury. "When a taxpayer brings an action…he sues for himself, and it is held that his interest in the subject-matter is sufficient to

support the action." *Bland Independent School District v. Blue*, 34 S.W.3d. 547, 556 (Tex. 2000). APB. pg. 8.

Due to the fact that an election contest is a special legislative proceeding, the statutes governing the contest must be strictly adhered to. "The role of the judicial branch in our government is…to interpret those statutes in a manner that effectuates the Legislature's intent." *In re Allen*, 366 S.W.3d 696, 708 (Tex. 2012) (quoting *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003))…'[W]e do not consider legislative history or other extrinsic aids [sic] to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent.'" *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018). APB. pg. 18-19.

Officials frequently assert that the only ways for the people to bring challenges to government action is through either an election contest, or by the State cooperating in a removal or quo warranto action. Yet, in this contest this court claims Appellees do not have standing. This court unduly forecloses on a matter of law necessary to hold legitimate election contests.

## II.     Viable Claim in an Election Contest

Appellees plead a valid election contest that met the standard the Legislature set forth in Tex. Elec. Code Chp. 221. Appellees' original petition alleged that the use of noncompliant electronic voting systems (CR. pg. 96-109) resulted in illegal

votes being counted, as these systems lacked voter-verifiable paper records and failed to meet certification requirements under Tex. Elec. Code § 122.001(a)(3), making it impossible to ascertain the true outcome of the election (Tex. Elec. Code § 221.003(a)).

> In an election contest, a district court's authority to act is limited to the subjects or grounds expressly or impliedly authorized by the Election Code…The tribunal shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because (1) illegal votes were counted or (2) an election officer or other person officially involved in the administration of the election: (A) prevented eligible voters from voting; (B) failed to count legal votes; or (C) engaged in other fraud or illegal conduct or made a mistake…(jurisdiction of courts in a statutory election contest relates only to matters happening on day of election and pertaining strictly to election, such as casting and counting of ballots and actions and conduct of officials holding election; citing *Roberts v. Hall*, 167 S.W.2d 621 (Tex.Civ.App.-Amarillo 1942, no writ); *Border v. Abell*, 111 S.W.2d 1186 (Tex.Civ.App.-Galveston 1937, no writ)). Also see 1 McDonald Texas Civil Practice § 3:39 (1992 ed.). *Rossano v. Townsend*, 9 S.W.3d 357, 362 (Tex. App. 1999). APB.18-19.

Appellant ensured that Appellees' votes were cast on EVS that failed to meet Texas law requirements (Tex. Elec. Code § 122.001), such as Appellant certifying EVS that did not meet the standards adopted by Election Assistance Commission, constituting election fraud under Tex. Elec. Code § 276.013(4) and a personal injury to their right to vote. Because "the right to vote is personal," (*Reynolds v. Sims*, 377 U.S. 533, 561, 84 S. Ct. 1362, 1381, 12 L. Ed. 2d 506 (1964)) [e]very voter in a

federal [...] election, whether he votes for a candidate with little chance of winning or for one with little chance of losing, 'has a right under the Constitution to have his vote fairly counted'." *Anderson v. United States*, 417 U.S. 211, 227, 94 S. Ct. 2253, 2263–64, 41 L. Ed. 2D 20 (1974). APB. pg. 8-10; RR. pg. 22.

The purpose of legal accreditations and certifications is to ensure the system works safely, effectively, and as intended. Pretending to vote on illegal systems is much like pretending to get educated at an unaccredited university, a patient being placed on a respirator that did not meet certification requirements, or receiving a speeding ticket from a police officer who used an illegally certified radar gun. TEX. CONST. art. VI § 2(c). APB. pg. 2, 12-13, 15, 16.

Appellees alleged and were prepared to present evidence in hearing demonstrating (CR. pg. 96-109), that "illegal votes were counted" and "that the outcome of the contested election, as shown by the official results and official cavass, is not the true outcome. Tex. Elec. Code § 221.003(a)." Appellees also claimed that pervasive disregard of the election laws will prevent the tribunal from determining the true outcome of the election during the contest, and thus the tribunal must declare the election results to be void per Tex. Elec. Code §§ 233.011 & 233.012 as well as Tex. Elec. Code §§ 221.003, 221.011(b), & 221.012(b). Tex. Elec. Code § 276.013 and § 276.014. RR.pg. 34-35. APB. pg. 12-13, 16-17; APB. Appendix pg. 73-76.

The demonstrated acts outside of Appellant's authority, which are supported by evidence are viable claims to overcome immunity. CR. pg. 97, 732; APB. pg. 12, 17. See *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–69, 372, 376–77 (Tex. 2009); see also *Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988, at *5 (Tex. App.—Austin Dec. 23, 2014, no pet.). Here, this court agrees that Appellees validly filed and served an election contest and Appellant acted *ultra vires*, once again: after the contest was filed "Governor Greg Abbott signed a statement of final count for all 14 propositions on November 27, 2023. One week later, the official canvass[3] was held and the Governor certified the final vote…The Voters met the only requirement imposed on them: to file and serve the Secretary prior to the final official canvass on December 4, 2023." Opinion pg. 3-4.

Even if this court found the pleadings insufficient, Appellees were entitled to amend their petition under Tex. R. Civ. P. 63, which allows amendments without leave of court up to seven days before trial, absent a showing of surprise by the opposing party. *Porter v. Nemir*, 900 S.W.2d 376, 384 (Tex. App.—Austin 1995, no

---

[3] As a result of an election contest, the Legislature removed Respondent's authority granted in Tex. Elec. Code § 67.013(d) and Tex. Const. art. XVII § 1(c). The legislative regulations for contest on Constitutional Amendments under Tex. Elec. Code Chp. 233 supersedes the general provisions for election contests. Tex. Elec. Code § 221.017. Tex. Elec. Code § 233.014(c) supersedes Tex. Elec. Code § 233.010 because Sec. 233.014 relates directly to contests on Constitutional Amendments. APB. pg. 10. Tex. Elec. Code § 233.014(c) acts as an automatic protection to the Texas Constitution until the courts have had an opportunity to answer these questions when a qualified Texas voter raises it. APB. pg. 11.

writ). Dismissing the contest without allowing amendment violates Appellees' due process rights under Tex. Const. Art. I, § 19. *Dunn v. Slagle*, 783 S.W.2d 953, 956 (Tex. App.—Houston [14th Dist.] 1990, no writ).

Appellant cites, "The burden of proving illegality in an election contest is on the contestant who must prove that illegal votes were cast in the election being contested and that a different and correct result would have been reached by not counting the illegal votes." *Green v. Reyes*, 836 S.W.2d 203, 208 (Tex. AppHouston [14th Dist.] 1992, no writ). CR. pg. 82, 175. This would have been accomplished in the contest's merits hearing. Texas Law Help[4] (a resource from txcourts.gov) answers this question: Do I need to attach my evidence when I file my Original Petition? "No. Attaching your evidence to your Original Petition is not necessary. Generally, you will present your evidence at your hearing or trial."

Appellees contend this court erred in granting Appellant's plea to the jurisdiction because the trial court's jurisdiction to consider the election contest was properly invoked by their original contest that was plead according to code, and was unaffected by Appellant's plea to the jurisdiction, which the trial court correctly ruled upon.

---

[4] Texas Law Help. Gathering and Presenting Evidence. Retrieved April 21, 2025. https://texaslawhelp.org/article/gathering-and-presenting-evidence

This court should reevaluate the necessity to remand the election contest because of the fact that it was properly filed and served in accordance with strict application of the Election Code under the foundational principles of our Constitutional form of government.

### III. This Court Should Take the Opportunity to Restore Justice to this Election Contest

This Fifteenth Court of Appeal ruled in opposition to well-established precedent from the Texas Supreme Court and other courts of appeals. "It is not the function of a court of appeals to abrogate or modify established precedent. See *Stark v. American Nat'l Bank of Beaumont*, 100 S.W.2d 208, 212 (Tex. Civ. App.-Beaumont 1936, writ ref'd)." *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). That function only belongs to the Texas Supreme Court. "Generally, the doctrine of stare decisis dictates that once the Supreme Court announces a proposition of law, the decision is considered binding precedent. See *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964)." *Id.*

The Fifteenth Court of Appeals' imposition of Article III standing requirements contradicts *De Shazo v. Webb*, 113 S.W.2d 519, 520 (Tex. 1938), which held that the Texas Constitution (Art. V, § 8) and legislative enactments grant standing to qualified voters in election contests without requiring a particularized injury, a holding reaffirmed in *Jorolan v. Eads*, No. 02-23-00338-CV (Tex. App. 2nd Dist., Feb. 26, 2025).

15

The legislature conferred power to the district court to arbitrate an election contest for a constitutional proposition (Tex. Elec. Code §§ 221.002(a), 233.005). Election contests are matters of general public concern, are to be dispensed of expeditiously, and the proceedings prescribed for trying suits, pleas, etc., do not apply to election contests. *Deshazo v. Webb*, 131 Tex. 108, 116 (Tex. 1938). See also *Nelson v. True Tex. Project*, 685 S.W.3d 187 (Tex. App. 2024) and *Jorolan et.al. v. Eads*, No. 02-23-00338-CV (Tex. App. 2nd Dis.), Feb. 26, 2025.

The purpose of an election contest is limited to ascertaining whether the outcome of the contested election is not the true outcome (Tex. Elec. Code § 221.003). This court should reconsider its decision and render a decision that provides uniformity with the precedence set by the Texas Supreme Court.

## PRAYER

The trial court was correct. Appellees brought their contest as a result of their injury suffered due to Appellant's usurpation of the Texas Legislature and failure to abide by both U.S. and Texas law – after being noticed of the infraction. APB. pg. 7-10. This infringement upon Appellees' rights is ripe to be repeated as there are elections about every six months. The right to cast a legal vote, vote with a legal ballot, and have the vote counted as intended is personal and the buttress of our society. APB. pg. 4.

16

Appellees request that this Fifteenth Court of Appeal grant this rehearing filed under Tex. R. App. P. Rule 49.1; confirm Appellees' statutory standing under Tex. Elec. Code § 233.002 to initiate an election contest; vacate its judgment dismissing the contest as contrary to Texas Supreme Court precedent and violating Appellees' due process rights by denying the opportunity to amend pleadings; affirm the trial court's denial of the plea to the jurisdiction; remand the case to the district court for further proceedings; and grant all other relief to which Appellees may be entitled.

Submitted this 24th day of April, 2025, by:

/s/ *Madelon Highsmith*
Madelon Highsmith
5138 CR 309
Kingsland, TX 78639
(214)505-5071
mhighsmith@mac.com

/s/ *Sharon M. Cotton*
Sharon M. Cotton
502 Bluebonnet Ln.
Red Oak, TX 75154
(972)989-6364
Sharon.cotton53@icloud.com

/s/ *Traci R. Jones*
Traci R. Jones
330 Bob White Dr.
Red Oak, TX 75154
(817)235-8409
Jones_traci24@hotmail.com

*Appellees Pro se*

CERTIFICATE OF SERVICE

I, Madelon Highsmith, certify that a true and correct copy of the foregoing document has been served via electronic service on all counsel of record for Respondent at the time of filing:

STEPHANIE A. CRISCIONE
Assistant Attorney General
Texas Bar No. 24109768
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 475-4104 Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov
Elena Eydelman-Natividad
Bar No. 24109768
elena.eydelman-natividad@oag.texas.gov
William D. Wassdorf
State Bar No. 24103022
Deputy Chief
Will.Wassdorf@oag.texas.gov
ATTORNEYS FOR DEFENDANT

Submitted by:

/s/ *Madelon Highsmith*
Madelon Highsmith
*Appellee pro se*

20

CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(2)(D), I certify that based on the word count of Microsoft Word, this document contains 3,998 words double-spaced in Times Roman Numeral font.

/s/ *Madelon Highsmith*
Madelon Highsmith
*Appellee pro se*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100073061
Filing Code Description: Motion for Rehearing
Filing Description: Motion following 15th Circuit Response
Status as of 4/25/2025 7:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Huggins | | freetx1876@gmail.com | 4/24/2025 11:32:32 PM | SENT |
| William Wassdorf | | will.wassdorf@oag.texas.gov | 4/24/2025 11:32:32 PM | SENT |
| Michelle Pique | | piquepink@gmail.com | 4/24/2025 11:32:32 PM | SENT |
| Elena Eydelman-Natividad | | elena.eydelman-natividad@oag.texas.gov | 4/24/2025 11:32:32 PM | SENT |
| Stephanie Criscione | | stephanie.criscione@oag.texas.gov | 4/24/2025 11:32:32 PM | SENT |
| Sharon Jorolan | | sjorolan@outlook.com | 4/24/2025 11:32:32 PM | SENT |
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 4/24/2025 11:32:32 PM | SENT |
| Jarrett Woodward | | digging4au@protonmail.com | 4/24/2025 11:32:32 PM | SENT |
| Heather Couchman | | HeatherNTX@protonmail.com | 4/24/2025 11:32:32 PM | SENT |
| Carrisa Stiles | | carrisa.stiles@oag.texas.gov | 4/24/2025 11:32:32 PM | ERROR |
| Tommie Dickinson | | Tjdickinson316@gmail.com | 4/24/2025 11:32:32 PM | SENT |
| Travis Eubanks | | travis.eubanks@gmail.com | 4/24/2025 11:32:32 PM | SENT |
| Madelon Highsmith | | mhighsmith@mac.com | 4/24/2025 11:32:32 PM | SENT |
| Lars Kuslich | | blanket113@protonmail.com | 4/24/2025 11:32:32 PM | SENT |
| Amber Cloy | | Amberb2222@yahoo.com | 4/24/2025 11:32:32 PM | SENT |
| Traci Jones | | jones_traci24@hotmail.com | 4/24/2025 11:32:32 PM | SENT |
| Sharon Cotton | | sharon.cotton53@icloud.com | 4/24/2025 11:32:32 PM | SENT |
| Amanda Eubanks | | amanda.eubanks710@gmail.com | 4/24/2025 11:32:32 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100083781
Filing Code Description: Motion for Rehearing
Filing Description: motion for rehearing due to govt error
Status as of 4/25/2025 12:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shannon Huggins | | freetx1876@gmail.com | 4/25/2025 9:47:42 AM | SENT |
| William Wassdorf | | will.wassdorf@oag.texas.gov | 4/25/2025 9:47:42 AM | SENT |
| Michelle Pique | | piquepink@gmail.com | 4/25/2025 9:47:42 AM | SENT |
| Elena Eydelman-Natividad | | elena.eydelman-natividad@oag.texas.gov | 4/25/2025 9:47:42 AM | SENT |
| Stephanie Criscione | | stephanie.criscione@oag.texas.gov | 4/25/2025 9:47:42 AM | SENT |
| Sharon Jorolan | | sjorolan@outlook.com | 4/25/2025 9:47:42 AM | SENT |
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 4/25/2025 9:47:42 AM | SENT |
| Jarrett Woodward | | digging4au@protonmail.com | 4/25/2025 9:47:42 AM | SENT |
| Heather Couchman | | HeatherNTX@protonmail.com | 4/25/2025 9:47:42 AM | SENT |
| Carrisa Stiles | | carrisa.stiles@oag.texas.gov | 4/25/2025 9:47:42 AM | ERROR |
| Tommie Dickinson | | Tjdickinson316@gmail.com | 4/25/2025 9:47:42 AM | SENT |
| Travis Eubanks | | travis.eubanks@gmail.com | 4/25/2025 9:47:42 AM | SENT |
| Madelon Highsmith | | mhighsmith@mac.com | 4/25/2025 9:47:42 AM | SENT |
| Lars Kuslich | | blanket113@protonmail.com | 4/25/2025 9:47:42 AM | SENT |
| Amber Cloy | | Amberb2222@yahoo.com | 4/25/2025 9:47:42 AM | SENT |
| Traci Jones | | jones_traci24@hotmail.com | 4/25/2025 9:47:42 AM | SENT |
| Sharon Cotton | | sharon.cotton53@icloud.com | 4/25/2025 9:47:42 AM | SENT |
| Amanda Eubanks | | amanda.eubanks710@gmail.com | 4/25/2025 9:47:42 AM | SENT |